**CROCKER NATIONAL BANK, Plaintiff,**

v.

**M.F. SECURITIES (BAHAMAS), LTD., and the Martini Foundation, Defendants.**

**No. CV 83–6475–AAH.**

United States District Court, C.D. California.

Jan. 23, 1985.

Munger, Tolles & Rickershauser, Los Angeles, Cal., for plaintiff.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, Senior District Judge.

### FINDINGS OF FACT

1. Plaintiff Crocker National Bank ("Crocker") originally filed this action against defendants The Martini Foundation ("Martini") and M.F. Securities (Bahamas), Ltd. ("M.F.S.") on August 19, 1983 in the United States District Court for the Southern District of New York.

2. Crocker's Complaint was properly served on both defendants.

3. Both Martini and M.F.S. retained the law firm of Diller, Freedman & Neiter to represent them in the litigation. After a temporary restraining order was issued against the defendants, but before either defendant had filed an answer to the Complaint, the parties agreed, by stipulation of counsel, that the action should be transferred to the United States District Court for the Central District of California. In that stipulation, defendant M.F.S. consented to the jurisdiction of this Court and stipulated that venue was proper in this District. Defendant Martini reserved its rights, if any, to object to the jurisdiction of this Court.

4. By Order dated September 12, 1983, the Honorable Constance Baker Motley, Chief Judge of the United States District Court for the Southern District of New York, approved that stipulation and transferred the case to this Court. In that Order, Judge Motley directed that defendants would have thirty (30) days from the date of notice of the transfer of the litigation within which to respond to the Complaint.

5. The transfer was effected on or about November 15, 1983. Defendants' counsel, Gerald I. Neiter, Esq. of Diller, Freedman & Neiter, received notice of the transfer on or about November 17, 1984. Mr. Neiter advised Crocker's counsel that, in accordance with Judge Motley's Order, the defendants would answer or otherwise respond to Crocker's Complaint by December 19, 1983.

6. Neither defendant filed an answer or otherwise responded to the Complaint by December 19, 1983.

7. At all times relevant to the transaction at issue in this case, Mr. G. Raymond Lanciault represented himself to be the Managing Director of M.F.S. and a Delegate of the Board of Administrators of Martini. Mr. Lanciault also claims, and has claimed, to be "attorney-in-fact" for de-

fendant M.F.S., by reason of a certain power of attorney granted to him by said defendant on a date unknown to the Court.

8. On December 23, 1983, this Court received a telex from Mr. Lanciault in which he advised the Court, on behalf of M.F.S., that certain disagreements and disputes had developed between M.F.S. and its attorneys, Diller, Freedman & Neiter. Mr. Lanciault requested that M.F.S. be given additional time to retain new counsel and to prepare its response to Crocker's Complaint.

9. Over the course of the next six weeks, both Crocker and the Court granted defendants three separate extensions of time within which to respond to the Complaint. Despite defendants' continuing failure to file a timely response to the Complaint, Crocker refrained in each instance from seeking the entry of a default judgment against Martini and M.F.S.

10. In late January, 1984, defendant M.F.S. retained the law firm of Whitman & Ransom to represent it in this action. However, M.F.S. never filed a formal Substitution of Attorney advising the Court that it desired to substitute Whitman & Ransom as its attorney of record in place and stead of Diller, Freedman & Neiter. Accordingly, Diller, Freedman & Neiter remained as counsel of record for both defendants, with Whitman & Ransom listed solely as co-counsel for defendant M.F.S.

11. On January 31, 1984, Whitman & Ransom filed an Answer to the Complaint on behalf of defendant M.F.S. No answer or response to the Complaint was filed, or has been filed, on behalf of defendant Martini.

12. Almost immediately thereafter, Whitman & Ransom encountered difficulties in its relationship with M.F.S. Despite numerous requests, M.F.S. refused to provide Whitman & Ransom with copies of M.F.S. documents relevant to the case and repeatedly failed to cooperate with the firm in preparing the defense of the litigation.

13. In early May, 1984, pursuant to Local Rule 6 of this Court, counsel for Crocker provided Whitman & Ransom with copies of the relevant documents that Crocker contemplated would be used in support of its claims in this case. In addition, Crocker noticed the depositions of Mr. Lanciault and Mr. Alan Shephard, the two individuals alleged by Crocker to have represented the defendants in negotiating the transaction at issue in this case. Both depositions were to be held in Los Angeles in mid-June, 1984.

14. Shortly after the issuance of the deposition notices, Whitman & Ransom advised Crocker's counsel that M.F.S. would not produce Mr. Lanciault or Mr. Shephard for deposition in California.

15. When Whitman & Ransom attempted to discuss the status of the case with M.F.S., Mr. Lanciault refused to cooperate with them in their discovery and pre-trial preparation, and also refused to designate another M.F.S. representative with whom the law firm could communicate regarding the case.

16. Defendant M.F.S. has never complied with any of the requirements of Local Rule 6. Thus, M.F.S. never provided Crocker's counsel with copies of the documents that it intended to use in support of its defense of the case, or with a preliminary discovery schedule and list of witnesses, as required by that Local Rule.

17. On September 3, 1984, Whitman & Ransom filed a motion to withdraw as counsel for M.F.S., contending that its relationship with Mr. Lanciault had so deteriorated that it was no longer possible for the firm to continue to represent M.F.S.

18. In response to that motion to withdraw, Mr. Lanciault indicated, on behalf of M.F.S., that it did not desire any further representation by Whitman & Ransom.

19. A hearing on the motion to withdraw was held before this Court on October 1, 1984. Upon oral motion made to the Court during that hearing, Mr. Neiter and the firm of Diller, Freedman & Neiter were permitted to withdraw as counsel of record for M.F.S. and Martini. Whitman & Ran-

som remained as counsel of record for defendant M.F.S. only.

20. Based on its view, as expressed at the October 1, 1984 hearing, that the matter of the representation of defendants M.F.S. and Martini had to be resolved promptly and expeditiously, this Court issued an Order to Show Cause to both defendants on October 4, 1984. That Order provided, *inter alia*, that:

(a) defendants M.F.S. and Martini, and each of them, were to obtain new counsel to represent them in this case;

(b) defendants M.F.S. and Martini, and each of them, were to show cause, at a hearing before the Court on December 3, 1984, why Whitman & Ransom should not be permitted to withdraw as counsel of record for defendant M.F.S. and why new attorneys should not be substituted in as counsel of record for both defendants;

(c) if either defendant M.F.S. or defendant Martini, and/or its new counsel, did not appear for the hearing on December 3, 1984, the Court would enter judgment in this case in favor of Crocker for the principal amount of $975,000.00, plus accrued interest on that amount and plaintiff's costs of suit; and

(d) in view of Crocker's undertaking to pay their reasonable travel expenses to California, Mr. Lanciault, as an officer, director, or managing agent of M.F.S. and/or Martini, and Mr. Shephard, as the designated United States representative for M.F.S. and/or Martini, were to appear in Los Angeles on December 3, 1984 for the taking of their depositions by counsel for Crocker.

21. A copy of the Court's October 4, 1984 Order to Show Cause was personally served on Mr. Lanciault, both in his individual capacity and as a representative of defendants M.F.S. and Martini, on October 17, 1984. Mr. Shephard was personally served with a copy of the Court's Order to Show Cause on October 26, 1984. On October 24, 1984, a copy of the Order to Show Cause was delivered by hand to the offices of Worldwide Trust Services Limited, Charlotte House, Nassau, Bahamas, the Registered Office of defendant M.F.S. in the Commonwealth of the Bahamas.

22. A hearing on the Order to Show Cause was held before this Court on December 3, 1984 at 10:00 a.m. In direct violation of the Court's October 4, 1984 Order, both defendant Martini and defendant M.F.S. failed to appear for that hearing, and failed to retain new counsel to appear at the hearing on their behalf and to represent them in this case.

23. During the hearing on December 3, 1984, this Court granted Whitman & Ransom's motion to withdraw as counsel of record for defendant M.F.S.

24. In further violation of the Court's October 4, 1984 Order, Mr. Lanciault, in his capacity as an officer, director, or managing agent of one or both of the defendants, failed to appear for the taking of his deposition on December 3, 1984. Mr. Shephard also failed to appear for his deposition as ordered. Neither deponent, nor either of the defendants, sought a protective order under Fed.R.Civ.P. 26(c).

## CONCLUSIONS OF LAW

1. Defendant Martini has failed to answer or otherwise respond to the claims for affirmative relief asserted against it in Crocker's Complaint.

2. Defendant M.F.S. has failed to comply with the requirements of Local Rule 6.

3. Defendants M.F.S. and Martini have violated Local Rule 2.9.1 of this Court and the Court's October 4, 1984 Order to Show Cause by failing to retain new counsel to represent them in this case.

4. In violation of the Court's October 4, 1984 Order, both defendants failed to retain new counsel to appear on their behalf at the hearing on December 3, 1984. In accordance with Local Rule 27.2 of this Court, such failure to appear is "deemed an abandonment or failure to ... defend diligently" on the part of the defendants, suf-

ficient to justify the entry of judgment against the "defaulting part[ies]" on the entire case.

5. No excuse or good cause exists for defendants' repeated violations of the various Local Rules described above. Accordingly, this Court concludes that it is appropriate, under the circumstances, to strike the Answer of defendant M.F.S. and to enter judgment against Martini and M.F.S. on Crocker's Complaint. *See* Local Rule 27.1; Fed.R.Civ.P. 16(f).

6. As a result of defendants' (and their representatives') willful failure to comply with the Court's order to appear for deposition, this Court is authorized in issuing an order rendering judgment by default against defendants Martini and M.F.S. *See* Fed.R.Civ.P. 37(b)(2) and 37(d). *See also Pioche Mines Consolidated, Inc. v. Dolman,* 333 F.2d 257, 266–70 (9th Cir.1964), *cert. denied,* 380 U.S. 956, 85 S.Ct. 1081, 13 L.Ed.2d 972 (1965).

7. Notwithstanding the Court's Order to Show Cause of October 4, 1984, defendants Martini and M.F.S. failed to appear at the December 3, 1984 hearing and, either directly or through counsel, show cause why default should not be entered against them.

8. For each and all of the reasons stated above, this Court has determined that, under the circumstances of this case, the entry of judgment by default against defendants Martini and M.F.S. is appropriate.

9. By reason of the foregoing findings of fact and conclusions of law, it is hereby ORDERED that Plaintiff CROCKER NATIONAL BANK shall recover from Defendants M.F. SECURITIES (BAHAMAS), LTD. and THE MARTINI FOUNDATION judgment in the amount of $975,000.00, plus interest on said sum to December 31, 1984 in the amount of $226,683.35, attorney's fees in the amount of $39,602.49, and plaintiff's costs and disbursements amounting to $3,658.89, for a total judgment in the amount of $1,244,944.73.